NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SALVADOR CABRERA-ARVIZO, AKA
Salvador Cabrera Arvizo,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   19-72866

Agency No. A215-562-512

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2020**
San Francisco, California

Before:  SCHROEDER, W. FLETCHER, and HUNSAKER, Circuit Judges.

Petitioner Salvador Cabrera-Arvizo, a native and citizen of Mexico, seeks

review of the Board of Immigration Appeals' (BIA) decision declining to terminate

proceedings for lack of jurisdiction and denying his application for deferral of

removal under the Convention Against Torture (CAT). We have jurisdiction under

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252(a), and we deny the petition for review.

*Jurisdiction.* Cabrera has questioned whether the immigration court had jurisdiction because his Notice to Appear (NTA) omitted the hearing time and date. He raised this issue in his statement of the case and introduction in his opening brief to us, but he did not discuss, or even mention, the issue in the body of his opening brief. Therefore, the issue is waived. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("[A]n issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived.").

Even if this issue were properly considered—it fails. In *Karingithi v. Whitaker*, we held that an NTA lacking time and date information does not divest the immigration court of jurisdiction if the regulatory requirements are met and the hearing time and date are timely provided. 913 F.3d 1158, 1160 (9th Cir. 2019). Cabrera's NTA contained all the required information necessary to vest the immigration court with jurisdiction, and Cabrera was timely provided the hearing time and date. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 893–94 (9th Cir. 2020) (finding an NTA lacking time, date, and location information sufficient to vest jurisdiction). The immigration court properly exercised its jurisdiction.

*CAT Claim.* Cabrera's CAT claim relies on two threats made by cartel-linked individuals incarcerated in the United States, news articles and country reports documenting generalized violence in Mexico, and an anecdote of a family

member who was tortured by the cartel for extortion purposes. Cabrera has no personal history of torture or harm inflicted by the cartel he fears, nor is there any country-conditions evidence documenting torture of individuals similarly situated to Cabrera. *See United States v. Reyes-Bonilla*, 671 F.3d 1036, 1051–52 (9th Cir. 2012) (holding a petitioner can meet his burden for CAT by showing a particularized threat of torture or relevant country conditions showing similar torture).

The BIA determined Cabrera was not entitled to relief under CAT because the evidence failed to demonstrate that he was more likely than not to be tortured by or with government consent or acquiescence if returned to Mexico. *See Maldonado v. Lynch*, 786 F.3d 1155, 1162, 1164 (9th Cir. 2015) (en banc) (explaining that an applicant for deferral of removal under CAT must show it is more likely than not he will be tortured with the consent or acquiescence of a public official upon removal to his native country). The agency reviewed all the relevant evidence in making its determination. Upon review, the evidence does not compel a contrary conclusion. *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016) ("[I]n order to reverse the BIA, we must determine that the evidence not

only *supports* a contrary conclusion, but *compels* it . . . ." (emphasis in original) (quotation and citation omitted)).

**PETITION FOR REVIEW DENIED.**[1]

---

[1] Cabrera's Motion for Stay of Removal [Dkt. 1] is denied as moot. The temporary stay of removal remains in effect until issuance of the mandate.